**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK BARTEE, | : | |
| | : | Civil Action No. 12-7053(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BAYSIDE STATE PRISON CORRECTIONAL OFFICER BLAND, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Mark Bartee
Northern State Prison
168 Frontage Road
Newark, NJ  07114
    Plaintiff pro se

**HILLMAN,** District Judge

    Plaintiff Mark Bartee, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] This Court previously denied Plaintiff's initial deficient application for leave to proceed in forma pauperis and ordered this matter administratively terminated.  Plaintiff has since submitted a complete application for leave to proceed in forma pauperis and this Court ordered this matter re-opened for consideration of the application.  Based on his affidavit of

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on April 14, 2009, while he was confined at Bayside State Prison, Correctional Officer Exten called him over to the Bayside Prison Hospital.[2] While Plaintiff was waiting to see what Correctional Officer Exten wanted, Correctional Officers Flem and Bland, named here as defendants,

---

indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.

[2] Correctional Officer Exten is not named as a defendant in the Complaint.

2

approached Plaintiff and ordered him to put his hands behind his back.  Then Correctional Officer Bland handcuffed Plaintiff.

After Correctional Officer Bland handcuffed Plaintiff, Correctional Officers Flem and Bland punched Plaintiff about his head, face, and body.  While Plaintiff was on the ground, three additional correctional officers, named here as Defendants John Doe 1, 2, and 3, arrived on the scene.  Plaintiff asserts that Correctional Officer Flem told the newly-arrived officers that Plaintiff had assaulted him, after which they joined in beating Plaintiff.  While escorting Plaintiff to the medical department, the John Doe 1, 2, and 3, officers beat Plaintiff a second time.

Plaintiff asserts that the defendants then issued a false disciplinary charge against him, to cover up their own misconduct.  Plaintiff asserts that, as a result of the false disciplinary charges, (and after appeal, rehearing, and a second appeal), he was sent to administrative segregation for one year and he forfeited one year of commutation credits.  See generally Bartee v. New Jersey Dept. of Corrections, 2011 WL 499946 (N.J. Super. App. Div. Feb. 15, 2011).

In his Complaint dated November 7, 2012, Plaintiff seeks compensatory and punitive damages from each of the defendants.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Rule 8(a)(2) requires that a complaint contain "a short and

3

plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). This "plausibility" determination "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion

4

couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV.   ANALYSIS

A.   The Excessive Force Claim

Plaintiff asserts that all of the defendants participated in beating him on April 14, 2009, while he was confined at Bayside State Prison, an allegation that the defendants violated his rights under the Eighth Amendment to the U.S. Constitution to be free from "cruel and unusual punishment."  The claim is untimely.

Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte, under 28 U.S.C. § 1915(e)(2), a pro se

6

civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").[3]

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's general or residual statute of limitations for such personal injury actions.  See Owens v. Okure, 488 U.S. 235 (1989) (cited in Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985) (same).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat.

---

[3] See also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 244 F.App'x 455, 457 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, Pino v. Ryan) (not precedential); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity), that federal courts review and dismiss any complaint that fails to state a claim, parallel the provision in 28 U.S.C. § 1915(e).

Ann. § 2A:14-2, governs Plaintiff's claims.  See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998) and Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989)).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis in original).  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action."  Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).  See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269. New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370

(3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the Complaint, the allegedly unconstitutional use of excessive force took place on April 14, 2009.  The Complaint, however, is dated November 7, 2012, more than three years later.  Plaintiff has alleged no facts that would suggest a basis for tolling.  Accordingly, this claim must be dismissed with prejudice as untimely.

B.   False Disciplinary Charges

Plaintiff alleges that the Defendant officers filed false disciplinary charges against him, as a result of the April 14 2009, incident.  He states that the disciplinary proceeding, which resulted in a loss of one year's commutation credits, was flawed in that prison officials refused to reveal to him video evidence and Internal Affairs reports.  He characterizes the instigation of false disciplinary charges and the flawed hearing procedure as a deprivation of liberty without due process, in violation of the Fourteenth Amendment.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

11

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has <u>not</u> been so invalidated is not cognizable
> under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will <u>not</u> demonstrate the
> invalidity of any outstanding criminal judgment
> against the plaintiff, the action should be allowed to
> proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-

12

90.

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.

Here, a favorable outcome to Plaintiff's action for damages, challenging the constitutionality of the procedures used in his disciplinary hearing, would necessarily imply the invalidity of the disciplinary finding and punishment, which included the loss of commutation credits.  Therefore, it is not cognizable until such time as the disciplinary finding has been overturned on appeal or through a habeas proceeding.  Accordingly, this claim will be dismissed without prejudice.

## V.   CONCLUSION

For the reasons set forth above, the Eighth Amendment claim will be dismissed with prejudice, and the due process claim

challenging the prison disciplinary proceeding will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[4]  An appropriate order follows.


At Camden, New Jersey                    s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  October 10, 2014

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.

2